IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
APR, LLC,                      )
                               )
     Plaintiff,                )
                               )        CIVIL ACTION NO.
     v.                        )         3:12cv1019-MHT
                               )            (WO)
AMERICAN AIRCRAFT SALES,       )
INC.; and JET TOLBERT,         )
individually, and as an        )
agent, servant, and/or         )
employee of American           )
Aircraft Sales, Inc.,          )
                               )
     Defendants.               )
```

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from

that of each defendant.   See 28 U.S.C. § 1332; see also

2 James Wm. Moore, et al., Moore's Federal Practice

§ 8.03[5][b] at 8-16 (3d ed. 2006).

First, the removal notice here is insufficient

because it does not indicate the citizenship of a party

that is a 'limited liability company': plaintiff APR,

LLC.  "[L]ike a limited partnership, a limited liability

company is a citizen of any state of which a member of

the company is a citizen."  Rolling Greens MHP, L.P. v.

Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th

Cir. 2004). The removal notice must therefore allege "the

citizenships of all the members of the limited liability

company."  Id.  (And if the entity consists of several

entities,   the   removal   notice   must   reflect   the

citizenship, or citizenships, of each and every entity

based on the nature of that entity.)

Second,  28  U.S.C.  §  1332(c)  provides  that  a

corporation shall be deemed a citizen, first, of all

States by which it has been incorporated and, second,  of

the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business.   <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  The removal notice fails to allege sufficiently the citizenship of corporate defendant American Aircraft Sales, Inc.

Finally the  removal notice fails to meet 28 U.S.C. § 1332's requirements because the notice gives the "residence" rather than the "citizenship" of defendant Jet Tolbert.  An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.   <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995 (1971).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendants American Aircraft Sales, Inc. and Jet Tolbert have until December 21, 2012, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 10th day of December, 2012.


        /s/ Myron H. Thompson
     UNITED STATES DISTRICT JUDGE